UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>EDWARD J. ANDERSON, IV,<br>    Defendant. | CRIMINAL ACTION 5:19-24-KKC<br><br><br>OPINION AND ORDER |

*** *** ***

Defendant Edward J. Anderson, IV has filed a motion for compassionate release (DE 49) pursuant to 18 U.S.C. § 3582(c)(1)(A). The United States having responded (DE 51), and Anderson having replied (DE 52), the matter is now ripe for the Court's review. For the following reasons, the Court must deny the motion.

In 2019, Anderson pled guilty (DEs 37, 39) to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1); one count of possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1); and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). By judgment dated September 12, 2019, this Court sentenced Anderson to a term of imprisonment of one-hundred-thirty (130) months followed by three (3) years of supervised release. (DE 43.) He is currently 34 years old and incarcerated at FCI Fort Dix, with a projected release date of May 18, 2028.

Anderson moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." Prior to the First Step Act of 2018, compassionate release could only be requested by the Director of the

Bureau of Prisons (BOP). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for such relief on his own, but only if he has first "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or if 30 days have lapsed since the warden of the defendant's facility received the defendant's request to file a motion on his behalf, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The government does not dispute that one of these conditions is met here. Accordingly, the Court has jurisdiction over this motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and also to "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance, but the Sixth Circuit has determined it does not apply to "cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). Thus, until the Sentencing Commission updates the policy statement to reflect that inmates may now file a compassionate-release motion on their own, district courts have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109.

In his motion, Anderson cites the recent death of his spouse, Saylina Jackson-Anderson, and the fact that his two children have been placed in state custody. (DE 49 at 3–4.) Anderson states that Jackson-Anderson was the sole caretaker of the two children, J.J.—Defendant's 11-year-old stepson—and E.A.—Defendant's 9-year-old biological daughter. In his reply, Anderson further explains that the two children "have been relocated to more than ten different foster homes and are now housed in a behavioral facility." (DE 52 at 3.) The United States argues that Anderson's motion should be denied because he has failed to demonstrate that he is the only potential caregiver for the children. (DE 51 at 7.)

The present circumstances are undoubtedly tragic for Ms. Jackson-Anderson's children, and the Court offers Mr. Anderson its condolences for his loss. As other courts evaluating motions such as this one have noted, the care of minor children while a parent is incarcerated is unfortunately a problem faced by many convicted defendants. *See United States v. Kibby*, No. 2:19-cr-179, 2021 WL 2009568, at *3 (S.D. Ohio May 20, 2021); *see also United States v. Cole*, No. 18-20237, 2021 WL 194194, at *3 (E.D. Mich. Jan. 20, 2021) ("A crime often inflicts harm, not only on a direct victim, but on those in a defendant's circle of family and friends who depend on that defendant for all manner of support."). This Court, like those courts, acknowledges the unfortunate nature of the circumstances but does not find them uncommon or extraordinary such that release is warranted, especially when viewed in light of the section 3553(a) factors.

Even if sufficient extraordinary and compelling circumstances existed to warrant a sentence reduction, the Court would still have to consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1106. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
>
> (3)   the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense." § 3553(a)(4)-(7).

The Court considered these factors extensively at Anderson's original sentencing hearing (DE 47), and the Court has reconsidered them for this motion. Anderson pled guilty to several serious offenses involving drugs and a firearm for which he was sentenced to one-hundred-thirty (130) months of imprisonment. He has thus far served less than 40% of his sentence. While the Court acknowledges the difficult circumstances that Anderson's children face, the Court must consider all of the § 3553(a) factors in making its determination. Considering the § 3553(a) factors, for the reasons stated in this opinion and at the time of Anderson's sentencing, it is not appropriate to order his release at this time.

For all these reasons, the Court HEREBY ORDERS that Defendant Edward J. Anderson IV's motion for compassionate release (DE 49) is DENIED.

This 29th day of June, 2022.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY