UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>EDWARD J. ANDERSON, IV,<br><br>  Defendant. | CRIMINAL NO. 5:19-CR-24-KKC<br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on Defendant Edward J. Anderson, IV's motion for reconsideration (DE 54) as to his previous motion for compassionate release (DE 49) under 18 U.S.C. § 3582(c)(1)(A). The Court denied his motion. (DE 53.) For the following reasons, the Court will deny his motion for reconsideration.

In 2019, Anderson pled guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1); one count of possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1); and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (DEs 37, 39.) This Court sentenced Anderson to a term of imprisonment of one-hundred-thirty (130) months followed by three (3) years of supervised release. (DE 43.) He is currently 36 years old and incarcerated at FCI Otisville, with a projected release date of May 18, 2028.

Anderson moves the Court to reconsider its decision on his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (DE 54 at 1.) Prior to the First Step Act of 2018, compassionate release could only be requested by the Director of the Bureau of Prisons (BOP). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for

such relief on his own, but only if he has first "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or if 30 days have lapsed since the warden of the defendant's facility received the defendant's request to file a motion on his behalf, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The government did not dispute that one of these conditions was met. Accordingly, the Court had jurisdiction over Anderson's motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and also to "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

Since the Court's original decision on Anderson's motion for compassionate release, the Sentencing Commission has provided additional guidance on the requirements for compassionate release. It promulgated amendments to the Sentencing Guidelines which expanded the list of "extraordinary and compelling reasons" sufficient for compassionate release. These amendments became effective as of November 1, 2023.

One of the extraordinary and compelling reasons among those in the amendments is as follows: "The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." U.S. Sent'g Guidelines Manual § 1B1.13(b)(3)(A) (U.S. Sent'g Comm'n 2023). Anderson argues that this extraordinary and

compelling reason applies to his circumstances. He points to his original motion, which explains that his wife passed away on April 29, 2022 after suffering numerous injuries. Following her death, Anderson's two children were placed in state custody due to his wife having been the sole caregiver of the family. (DE 49 at 4; DE 54 at 2.) He asks the Court to reconsider its prior decision on compassionate release in light of this new amendment.

Anderson's circumstances might have fallen squarely in this extraordinary and compelling reason promulgated by the Commission, but the United States Probation Office has informed the Court that Anderson signed away his parental rights to the two children. As such, he is no longer in a position to care for these children and the Court cannot grant him the compassionate release that he seeks. Anderson, however, may dispute the status of his parental rights if he believes this information to be inaccurate.

Accordingly, the Court hereby ORDERS that Anderson's motion for reconsideration (DE 54) is DENIED.

This 11th day of January, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY